lant permission to touch his groin, are disingenuous. Detective Bayes was participating in a sting operation to rid the rest stop of homosexual behavior in 1988 and he deliberately sat in his car at that location; got into Appellant's car with him and talked for over ten minutes; and when Appellant finally made a sexual overture to Detective Bayes, Detective Bayes revealed his true identity as a police officer and placed Appellant under arrest for attempted homosexual deviate intercourse. Such a course of events would be considered a success by Detective Bayes in his undercover sting operation to rid the area of homosexual behavior that night in 1988, and to characterize himself today as a victim of unwanted sexual touching by Appellant that night is incongruous.

Respondents also argue that Appellant's conduct on September 28, 1988 was committed in public, not in private, and as such does not deserve the protection of *Lawrence.* Respondents are attempting to expand upon the alleged criminality of Appellant's conduct on the night of September 28, 1988, to add a public aspect to it that was not there when charged by the State, considered by the court or pled guilty to by Appellant almost thirty years ago. As we determined with regard to the ostensibly "nonconsensual" aspect to the actions of Appellant and Detective Bayes in the front seat of Appellant's car on the evening of September 28, 1988, the State chose not to charge Appellant with a crime with a public aspect to it. Rather, it chose to charge Appellant with the strict liability crime of attempted deviate sexual intercourse with a person of the same sex as set forth in Section 566.090.1(3) RSMo 1978 (since repealed).

For the foregoing reasons, we consider Appellant's petition for declaratory judgment well taken. Respondents' motion for summary judgment should not have been granted, and it was error for the trial court to do so. Appellant's appeal is granted for the reasons stated specifically herein only.

### Conclusion

The trial court's judgment is reversed and this cause is remanded for proceedings consistent with this opinion. Appellant's Petition for Declaratory Judgment is ordered to be granted and Respondents are ordered to remove Appellant's name and all other registration information from the Missouri Sex Offender Registry.

Mary K. Hoff, J., and Philip M. Hess, J., concur.

**A.A.P., Plaintiff/Respondent,**

v.

**A.N.S., Defendant/Appellant.**

**No. ED 102053**

Missouri Court of Appeals,
Eastern District,
*DIVISION ONE*.

Filed: March 24, 2015

Randall C. Cahill, 906 Olive Street, Suite 1250, St. Louis, Missouri 63101, Marie A. Kenyon, 321 North Spring Ave, St. Louis, Missouri 63108, for appellant.

Lisl K. Williams, 4411 N. Newstead Ave., #17LL, St. Louis, Missouri 63105, for respondent.

Before Lawrence E. Mooney, P.J., Clifford H. Ahrens, J. and Lisa S. Van Amburg, J.

## *ORDER*

### PER CURIAM

Mother A.N.S. appeals the judgment of the Circuit Court of the City of St. Louis denying her motion to set aside the default judgment entered in favor of father A.A.P. on his petition for name change, visitation, custody, and support for the parties' minor child. We affirm the trial court's judgment.

No error of law appears. An extended opinion would have no precedential value. The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order pursuant to Rule 84.16(b).

**STATE of Missouri, Respondent,**

**v.**

**Casitdel WOOTEN, Appellant.**

**No. ED 101177**

Missouri Court of Appeals,
Eastern District,
**Division Four.**

Filed: March 24, 2015

Kevin B. Gau, 1010 Market, Suite 1100, St. Louis, MO 63101, for appellant.

Chris Koster, Adam Rowley, P.O. Box 899, Jefferson City, Missouri 65102, for respondent.

Before Patricia L. Cohen, P.J., Roy L. Richter, J., and Robert M. Clayton III, J.

## *ORDER*

### PER CURIAM

Casitdel Wooten ("Defendant") appeals from the trial court's judgment, following a jury trial, convicting him as a prior offender of forcible rape, kidnapping, and third-degree assault of a 16–year–old girl. The court sentenced him to 22 years for the rape, to run consecutively with concurrent sentences of 10 years for the kidnapping and one year for the third-degree assault, for a total of 32 years' imprisonment. We have reviewed the briefs of the parties and the record on appeal and find no error of law. No jurisprudential purpose would be served by a written opinion. However, the parties have been furnished with a memorandum for their information only, setting forth the facts and reasons for this order.

The judgment is affirmed pursuant to Rule 30.25(b).

**STATE of Missouri, Respondent,**

**v.**

**Nicholas NETTLES, Appellant.**

**No. ED 101130**

Missouri Court of Appeals,
Eastern District,
*DIVISION FOUR.*

Filed: March 24, 2015